IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIKEL GUELTZAU,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIAN CRAFT, in his individual and official capacity; and CONCORDE MANAGEMENT & DEVELOPMENT, INC.,<br><br>    Defendants. | 8:25CV298<br><br>**MEMORANDUM AND ORDER** |

  Plaintiff Mikel Gueltzau, a non-prisoner, filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 2.[1] Upon review of Plaintiff's Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis.

  Plaintiff also filed a form summons, which the Court construes as a motion for summons. Filing No. 6. This matter may not proceed to service of process at this time. Because Plaintiff is proceeding in forma pauperis, the Court is required to review Plaintiff's Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This matter may not proceed to service of process unless so ordered by the Court after conducting this initial review.

---

[1] Plaintiff's Motion was unsigned upon initial filing, and, after being advised of the deficiency, Plaintiff submitted a signed copy of the Motion. *See* Filing No. 5 (text notice of deficiency); Filing No. 2-1 (signed IFP Motion).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. Plaintiff's motion for summons, Filing No. 6, is denied without prejudice to reassertion as premature.

3. Plaintiff is advised that the next step in his case will be for the Court to conduct an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 12th day of May, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge